ADKINS, Acting Chief Justice.
Respondent Robert F. Thompson seeks review of the referee’s report recommending that he be suspended from the practice of law for ninety-one days, requiring proof of rehabilitation under Florida Bar Integration Rule, article XI, Rule 11.10(4). We have jurisdiction. Art. V, § 15, Fla. Const.
The referee based his determinations of guilt and recommendations as to punishment on the following factual findings. Respondent was involved in an automobile accident on April 22, 1982. He walked away from the scene of the accident and was found shortly thereafter by a deputy sheriff walking along the roadside. During the investigation, sheriff’s deputies observed a small glass vial and spoon on the dashboard of respondent’s vehicle. The vial contained a white powder which later tested positively as cocaine. The deputies additionally discovered on the car’s floor a pill bottle containing Darvon, a controlled substance. Respondent was placed under arrest, and apparently feigned unconsciousness in order to be taken to the hospital rather than to jail. Once at the hospital, he became loud and boisterous and created a disturbance.
As a result of the foregoing, respondent pled no contest to four charges: possession of cocaine, possession of a controlled substance, disorderly intoxication, and leaving the scene of an accident. The court adjudged respondent guilty of disorderly intoxication, and sentenced him to a $500 fine and six months probation. Adjudication was withheld on the other three charges.
In his report of April 2, 1986, the referee recommended that respondent be found guilty of violating Disciplinary Rules of the Code of Professional Responsibility 1-102(A)(3) (engaging in illegal conduct involving moral turpitude); 1-102(A)(6) (engaging in other conduct adversely reflecting on his fitness to practice law); and article XI, Rule 11.02(3)(a) of the Integration Rule of The Florida Bar (engaging in conduct contrary to honesty, justice, or good morals). The referee recommended that:
Respondent receive a ninety one (91) day suspension and thereafter until he shall prove his rehabilitation as provided in Rule 11.10(4). It is recommended that Respondent be ordered to pay the cost of these proceedings. (Statement of Costs attached.) It is further recommended *1336 that Respondent be placed on probation for two (2) years. As a condition of probation Respondent provide one hundred (100) hours of community service; that Respondent obtain a drug evaluation within twenty days from the date of the Order of Discipline by The Supreme Court of Florida; and in the event said evaluation recommends treatment that Respondent undergo said treatment consistent with that evaluation and recommendation; and if said evaluation recommends screening that Respondent undergo any screening that is recommended. It is also recommended that Respondent pay the above costs of these proceedings within twenty (20) of the twenty-four (24) months he is on probation.
Respondent seeks review of the ninety-one day suspension, arguing that the recommended punishment is unduly harsh on the facts of this case. Because the process establishing the required proof of rehabilitation will extend the actual period of suspension by several months, it is contended, the punishment recommended transcends the proper purposes of lawyer discipline. While we agree that “the discipline should be fair to both the public and the attorney, with an object of correcting ‘the wayward tendency in the accused lawyer while offering to him a fair and reasonable opportunity for rehabilitation,’ ” The Florida Bar v. MacKenzie, 319 So.2d 9, 11 (Fla.1975), quoting State ex rel. The Florida Bar v. Ruskin, 126 So.2d 142, 144 (Fla.1961), we find the ninety-one day suspension and accompanying proof of rehabilitation in this case proper.
We find the proof of rehabilitation wise under the circumstances of this case, as “[a] mere suspension for a fixed period of time, with the assurance of automatic reinstatement at the end of the prescribed period, does not impose upon the lawyer the responsibility of taking affirmative action during the period of suspension in order to gain readmittance at the end of the period.” Ruskin, 126 So.2d at 144. An examination of respondent’s pro se brief to this Court, we believe, suggests the need for such proof of rehabilitation. Respondent argues as follows:
In this case, Respondent was guilty of four misdemeanors, all growing out of a single unfortunate incident. The seriousness of these misdemeanors is best measured by the view that the trial court took of them. In each case, it withheld adjudication of guilt and fined the Respondent Five Hundred Dollars ($500.00). In one case, Respondent was put on one year probation and in two cases, six months probation. From this, it is apparent that the Trial Judge did not consider the Respondent’s criminal conduct to be of a very serious nature. However, the Referee apparently took a different view.
While we give respondent the benefit of the doubt in assuming that no material misrepresentation on his part was intended, we note that he has at least misstated the law to this Court. The four charges lodged against him included possession of cocaine, a second-degree felony under section 893.-13(l)(d)l, Florida Statutes (1985), and possession of a controlled substance (Darvon), a third-degree felony under section 893.-13(l)(d)2. While we will not dwell on the point, we do note that a practicing lawyer should, at the least, be fairly held accountable for knowledge of crimes with which he has personally been charged.
Further, the tone of respondent’s argument reflects a lack of understanding of the seriousness of the charges against him. This Court has several times considered a disciplined attorney’s attitude towards the underlying misbehavior as properly bearing on the discipline to be imposed. In The Florida Bar in re Inglis, 471 So.2d 38, 39 (Fla.1985), for instance, this Court noted that “[t]he criteria for reinstatement to active membership in the Bar include ... a strong sense of repentance for the prior misconduct and a genuine intention of proper conduct in the future.” See also The Florida Bar in re Rubin, 323 So.2d 257 (Fla.1975); The Florida Bar in re Timson, 301 So.2d 448 (Fla.1974).
In sum, we find that the recommended ninety-one day suspension will both protect *1337 the public and guarantee respondent a fair opportunity to establish his rehabilitation. We therefore adopt in whole the recommended discipline set forth in the referee’s report. Respondent’s suspension shall be effective thirty days from the issuance of this opinion, allowing him to take all necessary steps to protect the interests of his clients. Judgment for costs of this proceeding in the amount of $1,622.90 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
BOYD, OVERTON, EHRLICH and SHAW, JJ., concur.