498 So.2d 941 (1986)
THE FLORIDA BAR, Complainant,
v.
Mark S. LEVINE, Respondent.
No. 68459.
Supreme Court of Florida.
December 11, 1986.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel and James N. Watson, Jr., Branch Staff Counsel, Tallahassee, for complainant.
Mark S. Levine, Tallahassee, in Pro Per.
PER CURIAM.
This disciplinary action is before us on the respondent's tendered conditional guilty plea, a joint recommendation as to discipline and the uncontested report of the referee. We have jurisdiction, article V, section 15, Florida Constitution, and approve the findings and recommendations of the referee.
Pursuant to article XI, Rule 11.13(6)(a) of the Integration Rule of The Florida Bar, respondent, Levine, filed a plea of guilty for consent judgment acknowledging violation of Disciplinary Rule 1-102(A)(6) (a lawyer shall not engage in conduct that adversely reflects on his fitness to practice law) in connection with his November 1985 conviction of the misdemeanor of personal use of cocaine. On November 7, 1985, after entering a plea of guilty, Levine was adjudicated guilty and sentenced to two years probation, fined $5,000 and ordered to perform 100 hours of legal services for the poor.
The referee recommends that Levine be found guilty in accordance with the consent judgment and that he be given a public reprimand with an appearance before the Board of Governors of The Florida Bar. We approve the report of the referee and adopt its recommendations as to guilt and discipline.
Accordingly, respondent, Levine, is hereby ordered to appear before the Board of Governors for a public reprimand within a reasonable time after the issuance of this opinion. Judgment for costs in the amount of $150 is hereby entered against respondent, for which sum let execution issue.
It is so ordered.
ADKINS, BOYD, OVERTON, SHAW and BARKETT, JJ., concur.
EHRLICH, J., dissents with an opinion, in which McDONALD, C.J., concurs.
EHRLICH, Justice, dissenting.
I am sorely troubled by the facts and I admittedly have ambivalent feelings. Mr. Levine was convicted of a misdemeanor. The question is, does that warrant discipline more severe than a public reprimand. If so, does the Court as a matter of policy similarly discipline all attorneys who have been convicted of a misdemeanor? At the moment, I am not prepared to answer this rhetorical question in the affirmative, but I am of the opinion that the instant facts demand a suspension from the practice for some period of time.
*942 I am led to this conclusion because I do not believe that this Court can countenance the use of hard drugs such as cocaine by members of the bar. I appreciate that in this case we are dealing solely with social use and there is no evidence that any client's representation was affected by such use. But I am concerned by the commission of an illegal act by a member of the bar and the use of an addicting drug proscribed by statute, as a principle, without regard to the impact on a client.
I accept the fact that drug use today has reached epidemic proportions and we see from cases presented to this Court, and from the press, the relationship between trafficking and use of drugs and other criminal acts, such as murder, robbery, burglary, and the corruption of public officials. We are told by no less a figure than the President of the United States that a national effort must be mobilized to combat this insidious and deadly war, even to the extent of utilization of members of the armed forces. We need not be a Cassandra to say that the problem, one of national proportions, must be resolved, or that we as a nation shall be grievously wounded.
There can be no trafficking in drugs unless there is usage and when a member of the bar uses them, he or she, albeit unwittingly, supports the trade and this cannot be countenanced. Lawyers are officers of the Court and members of the third branch of government. That unique and enviable position carries with it commensurate responsibilities. If the public cannot look to lawyers to support the law and not break it, then, pray tell, to whom may they look. It is this proper perception that makes this seemingly innocuous (in the superficial sense that the only one adversely affected is the one who indulges in the use of the drug) breach of the law, so very pernicious, in the eyes of the public and understandably gives rise to a full measure of cynicism. The bar needs the support of the public but it must merit that support, and when this Court gently slaps the wrist of a member of the bar who uses cocaine in contravention of the statute, the public may arguably have reason to believe that we are treating the bar as a privileged class above law and other citizens.
Therefore, I dissent and would not accept the tendered plea.
McDONALD, C.J., concurs.