518 So.2d 250 (1987)
THE FLORIDA BAR, Complainant,
v.
Dennis P. SHEPPARD, Respondent.
No. 69008.
Supreme Court of Florida.
December 3, 1987.
Rehearing Denied February 5, 1988.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Paul A. Gross, Bar Counsel, Miami, for complainant.
Edward A. Carhart, Coral Gables, for respondent.
PER CURIAM.
This disciplinary proceeding is before us on a complaint of the Florida Bar and the referee's report which is contested by the Florida Bar. We have jurisdiction pursuant to article V, section 15, Florida Constitution.
In 1985, Sheppard was arrested in Dade County and charged with the unlawful possession of 298 grams of cannabis. As a result of his arrest, the Florida Bar initiated this disciplinary action against him. Sheppard admitted that he sold marijuana for a profit and had been doing so for a month prior to his arrest. During this month-long period, Sheppard sold $25,000 worth of marijuana and had netted $3,000. While acknowledging that his conduct was illegal, he maintained that it was not morally wrong.
The referee's report recommended that Sheppard be found guilty of violating DR 1-102(A)(3) of the Code of Professional Responsibility (engaging in illegal conduct involving moral turpitude). Recognizing that alcoholism was a contributing cause of Sheppard's misconduct, the referee further recommended that Sheppard be given a twelve-month suspension from the practice of law and be required to show proof of rehabilitation before being reinstated as a member in good standing of the Florida Bar.
The Florida Bar argues for an eighteen-month suspension. We agree that a greater measure of discipline is indicated. Though not related to his law practice, Sheppard's conduct was extremely serious. Much of the resources of the judicial system are directed toward curbing the very activities upon which Sheppard was embarked. As this Court said in The Florida Bar v. Hecker, 475 So.2d 1240 (Fla. 1985):
Illegal drug activities are a major blight on our society  nationally, statewide and locally. Necessarily, members of the Bar are brought into contact with the illegal activity because of their professional obligations to offer legal assistance to clients accused of wrongdoing. Members of the Bar should be on notice that participation in such activities beyond professional obligations will be dealt with severely.
475 So.2d at 1243. We conclude that the appropriate discipline in this case can be nothing short of disbarment.
We approve the referee's finding of guilt. Sheppard is hereby disbarred from the practice of law. He shall accept no new clients from the date of filing of this opinion. The disbarment will be effective thirty days from the filing of this opinion in order to give Sheppard time to close out his present practice and protect his clients' interests, if necessary.
Judgment for costs in the amount of $1,144.40 is hereby entered against Sheppard, for which sum let execution issue.
It is so ordered.
*251 McDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.