528 So.2d 367 (1988)
THE FLORIDA BAR, Complainant,
v.
B. Mark WEINTRAUB, Respondent.
No. 71325.
Supreme Court of Florida.
July 14, 1988.
John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and Jacquelyn Plasner Needelman, Bar Counsel, Fort Lauderdale, for complainant.
James I. Cohn of the Law Offices of James I. Cohn, P.A., Fort Lauderdale, for respondent.
*368 PER CURIAM.
This proceeding is before the Court for consideration of the referee's report recommending a finding of professional misconduct on the part of attorney B. Mark Weintraub and recommending certain measures of discipline.
Respondent pled nolo contendere to a charge of delivery of cocaine. Adjudication of guilt was withheld and respondent was placed on probation for thirteen months. Probation was terminated after eight months due to respondent's good behavior. The referee found that at the request of a neighbor with whom he had been romantically involved, respondent obtained approximately one-half gram of cocaine and delivered it to her. The neighbor requesting the cocaine reimbursed him the sum of $50.00, which he had paid to obtain the cocaine. At the time of delivery, two police detectives were in the neighbor's apartment, having previously arranged to be there to monitor the transaction and arrest respondent.
The referee recommended that respondent be found guilty of violating the former Florida Bar Integration Rule, article XI, rule 11.02(3)(a) (act contrary to honesty, justice, or good morals) and 11.02(3)(b) (act constituting a criminal offense); and the former Code of Professional Responsibility, Disciplinary Rules 1-102(A)(1) (violation of a disciplinary rule); 1-102(A)(3) (illegal conduct involving moral turpitude); and 1-102(A)(6) (conduct adversely reflecting on fitness to practice law).
The referee found that as part of respondent's negotiations with the Bar with regard to this disciplinary proceeding, respondent contacted Florida Lawyers' Assistance. Although F.L.A.'s evaluation of respondent concluded that his past occasional illegal drug use was for recreational and stress-reducing purposes and that he was not an addict with a need for a systematic program of treatment, the referee found that respondent has participated in counseling sessions sponsored by F.L.A. and recommends that he be required to continue to do so.
As disciplinary measures, the referee recommended suspension and probation in the following specific terms:
a.) Suspension from the practice of law for ninety (90) days to commence thirty (30) days after order of the Supreme Court approving this referee report.
b.) A two (2) year term of probation to begin upon order of the Supreme Court approving this referee report. Special conditions of the probation are set forth below:
1. Respondent is to refrain from the use, possession, purchase, sale or distribution of any and all controlled substances or illegal narcotics except as prescribed by a licensed physician for a treatment of a specified illness.
2. Respondent is to forthwith formally contract with the FLA program at his own expense for its services and complete all terms and conditions of the contract. Respondent shall continuously participate in all required facets of the FLA program until such time as the FLA program certifies that Respondent is in no further need of its services.
3. Respondent shall complete fifty (50) community service hours as a volunteer speaker against drug abuse at local schools. Respondent shall provide evidence of his compliance with this condition prior to the termination of his probation.
c.) Respondent is to pay all costs reasonably associated with these disciplinary proceedings as provided by Rule 11.06(9)(a) of the Integration Rule of the Florida Bar. These costs are to be paid within one (1) year from the final order of the Supreme Court approving this report.
In support of his disciplinary recommendations, the referee provided the following further comments:
The possession and delivery of a controlled substance contrary to law are, without question, totally reprehensible acts for members of the Florida Bar. I take exception with Respondent's assertion that such acts do not adversely reflect *369 on his fitness to practice law. Attorneys are officers of the court and as such are expected by the bar, bench and public to conduct themselves in accordance with the law.
In the instant proceeding, I do believe that some form of discipline is warranted against Respondent as he knowingly and intentionally violated the law. I concur with counsel for both sides that the facts of this case do not warrant Respondent's disbarment from The Florida Bar.
Specifically, there is no evidence to suggest that Respondent's involvement with the controlled substance was for profit as was recently condemned by this Court in The Florida Bar v. Dennis P. Sheppard [518 So.2d 250] 12 F.L.W. 50 (Fla. December 11, 1987).
I disagree with and reject Complainant's recommendation that Respondent be suspended from the bar for at least ninety-one (91) days for the following reasons:
1.) the expert testimony indicated that Respondent is not a drug addict in need of rehabilitation;
2.) Respondent has had no prior convictions or bar disciplinary record; and
3.) after his arrest, Respondent began to take significant remedial steps to correct his past behavior.
I also disagree with and reject Respondent's recommendation that he receive a private reprimand coupled with a period of probation for the following reasons:
1.) such a disciplinary measure is far too lenient for a knowing and intentional commission of a crime by an officer of the court;
2.) Respondent took no steps to disengage himself from illegal drug activities until after his apprehension; and
3.) such a disciplinary measure would not serve as much of a deterrent to other members of the bar who are currently engaging in or contemplating engaging in illegal drug activities.
For all of the foregoing reasons, I believe that a ninety (90) day suspension coupled with probation as previously specified herein is warranted.
We approve the referee's report. Respondent is hereby suspended from the practice of law for ninety days and placed on probation for two years under the terms and conditions set forth in the referee's report. The suspension shall commence thirty days from the date of this order so that respondent can wind up his professional affairs in an orderly manner.
The costs of this proceeding are taxed against the respondent. Judgment is entered against B. Mark Weintraub for costs in the amount of $454.87, for which sum, if not paid within one year, let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, McDONALD, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.