570 So.2d 917 (1990)
THE FLORIDA BAR, Complainant,
v.
Fredric Gerson LEVIN, Respondent.
No. 74443.
Supreme Court of Florida.
October 11, 1990.
Rehearing Denied December 19, 1990.
John F. Harkness, Jr., Executive Director, John T. Berry, Staff Counsel, Susan V. Bloemendaal, Bar Counsel, and Mimi Daigle, Asst. Bar Counsel, Tallahassee, and David G. McGunegle, Bar Counsel, Orlando, for complainant.
Alan H. Rosenbloum, Gulf Breeze, for respondent.
PER CURIAM.
Respondent seeks review of the referee's order recommending that he be publicly reprimanded. We have jurisdiction. Art. V, § 15, Fla. Const.
Respondent was charged with violating the former Florida Bar Integration Rule, article XI, rules 11.02(3)(a) (engaging in conduct contrary to honesty, justice, or good morals) and 11.02(3)(b) (engaging in conduct constituting a misdemeanor), and the former Florida Bar Code of Professional Responsibility, Disciplinary Rules 1-102(A)(1) (violating a disciplinary rule) and 1-102(A)(6) (engaging in conduct adversely reflecting on fitness to practice law).[1] The referee found that respondent routinely engaged in illegal gambling activities (bets of $500 to $2,000) over a period of at least five years; placed bets for others through his bookmaker; permitted bets and payoffs to be delivered to his law office; advocated, on his own television show, betting with a bookmaker as an acceptable recreational activity, despite knowing that betting is a misdemeanor; and testified before a grievance committee that, if he had the opportunity, he would continue to bet. The referee recommended that respondent be found guilty and be publicly reprimanded by personal appearance before The Florida Bar Board of Governors.
Respondent does not dispute the facts underlying the referee's recommendation, but nevertheless urges that he is subject to discipline only if he violates a statute involving violence, dishonesty, breach of trust, or serious interference with the administration of justice. He argues that gambling is an accepted form of recreation in Florida, therefore, gambling, even through a bookmaker, is not a serious violation of the criminal law. He says the *918 only difference between his case and the case of other lawyers who bet through bookmakers but received private reprimands was that he admitted on television that he had done so. He asserts that the referee's recommendation sets a bad precedent because lawyers who admitted, on television, to betting would be subject to discipline and, "How many Florida attorneys can say that they have never placed a bet on [a football game]?"
The Florida Bar argues that respondent's public statements, and his admission that he again would gamble given the opportunity,[2] require the imposition of more severe discipline than a private reprimand. We agree. An officer of the court must live within, and not flaunt, the law. "Attorneys are officers of the court and as such are expected by the bar, bench, and public to conduct themselves in accordance with the law." The Fla. Bar v. Weintraub, 528 So.2d 367, 369 (Fla. 1988).[3] In The Florida Bar v. Thompson, 500 So.2d 1335, 1336 (Fla. 1986), we noted that attitude is a proper consideration in the imposition of discipline, because "the tone of respondent's argument reflects a lack of understanding of the seriousness of the charges against him."[4] That observation is equally apposite here. We think Justice Ehrlich's comments in The Florida Bar v. [Mark S.] Levine, 498 So.2d 941 (Fla. 1986), are apt:
There can be no trafficking in drugs unless there is usage and when a member of the bar uses them, he or she, albeit unwittingly, supports the trade and this cannot be countenanced. Lawyers are officers of the Court and members of the third branch of government. That unique and enviable position carries with it commensurate responsibilities. If the public cannot look to lawyers to support the law and not break it, then, pray tell, to whom may they look. It is this proper perception that makes this seemingly innocuous (in the superficial sense that the only one adversely affected is the one who indulges in the use of the drug) breach of the law, so very pernicious, in the eyes of the public and understandably gives rise to a full measure of cynicism. The bar needs the support of the public but it must merit that support, and when this Court gently slaps the wrist of a member of the bar who uses cocaine in contravention of the statute, the public may arguably have reason to believe that we are treating the bar as a privileged class above law and other citizens.
Id. at 942 (Ehrlich, J., dissenting) (urging suspension, rather than mere public reprimand with an appearance before the Board of Governors). Respondent argues that mere misdemeanor-betting violations should warrant different discipline than misdemeanor-drug violations. If this were a criminal prosecution, the respondent's point might be well taken, but for the purpose of bar discipline, the distinction is irrelevant. The lawyer has knowingly engaged in conduct constituting a misdemeanor. *919 In this regard, the purpose of the discipline is the same.
Accordingly, we approve the findings and recommendations of the referee. Respondent is ordered to appear before the Florida Bar Board of Governors, at a time set by the Board, for the imposition of a public reprimand. Judgment for costs in the amount of $1,814 is entered against respondent, for which sum let execution issue.
It is so ordered.
SHAW, C.J., and OVERTON, McDONALD, EHRLICH, GRIMES and KOGAN, JJ., concur.
BARKETT, J., dissents.
NOTES
[1] Respondent's conduct occurred prior to January 1, 1987, the effective date of the current Rules Regulating The Florida Bar. Therefore, he was charged under the former rules. See The Fla. Bar re Rules Regulating The Fla. Bar, 494 So.2d 977 (Fla. 1986), modified on other grounds, 507 So.2d 1366 (Fla. 1986).
[2] On or about March 5, 1987, and again on August 19, 1987, respondent appeared on his own television show on a local television station in Pensacola, Florida. During both shows, respondent stated that he engaged in illegal gambling activities by placing football bets with a bookmaker. During the August 19 show, he asserted his belief on camera that placing bets on football games with a bookmaker was an acceptable recreational activity. He further admitted he knew he was committing a misdemeanor offense by placing such bets. When asked during a hearing whether, given the opportunity, he would engage in illegal betting he responded, "To bet on football games, to be perfectly honest with you, yes. I don't think  contrary to what others might feel, I don't think that it is a violation of ethics." When asked about his future intentions with respect to illegal gambling, he responded: "If His Honor and the Florida Supreme Court determine that this is an ethical violation, they don't have to worry about me ever doing it again."
[3] In The Florida Bar v. Weintraub, 528 So.2d 367 (Fla. 1988), as here, respondent argued that his acts (possession and delivery of a controlled substance) did not reflect upon his fitness to practice law. We approved a ninety day suspension from practice, rather than disbarment, because there was no evidence that respondent's involvement was for profit.
[4] In The Florida Bar v. Thompson, 500 So.2d 1335 (Fla. 1986), we approved the imposition of a ninety-one day suspension for possession of a controlled substance, disorderly intoxication, and leaving the scene of an accident.