PER CURIAM.
We have for review the complaint of The Florida Bar and the referee’s report regarding alleged ethical breaches by Jeffrey A. *1086 Blau. We have jurisdiction. Art. V, § 15, Fla. Const.
The referee’s report contains the following relevant findings of fact:
The respondent, Jeffrey A. Blau, admits the essential allegations of the Bar’s com-plaint_ Jeffrey Blau is ... a product of the drug generation [who] began using marijuana when he was approximately fifteen (15) years of age, and discontinued its use a couple of years ago. He also used cocaine for several years, until he decided that he “was beginning to like it.” He discontinued the use of cocaine in 1987. Mr. Blau was apprehended in 1989 for marijuana possession, but avoided prosecution by rendering assistance to law enforcement. It is troubling that he has used marijuana since this incident.
In the scheme of things, the use of illegal substances has become a hassle to Mr. Blau. The probabilities are that he will not resume the use of these substances.
... Mr. Blau has been truthful and cooperative with the Bar and does not face the problem of having resumed the consumption of drugs, post complaint. The quality of his law practice is not at issue.
... Mr. Blau is an intelligent, likeable man who is prone to be headstrong. In deciding what is good for himself, he has made some grievous mistakes.
Based on these conclusions, the referee recommended that Blau be found guilty of violating Rules Regulating the Florida Bar 3-4.3 (commission of any unlawful act) and 4r-8.4(b) (commission of criminal act reflecting on fitness as a lawyer). The referee then recommended that Blau be suspended from the practice of law for a period of sixty days with automatic reinstatement thereafter, followed by three years’ probation including substance abuse evaluation and treatment as required by The Florida Bar.
The Florida Bar concurs with the referee’s recommendations. Blau, on the other hand, argues that the referee failed to give adequate weight to available mitigating evidence, including his good reputation in the legal community, his lack of dishonest or selfish motive, his cooperation in obtaining therapy, and lack of prior disciplinary record. Blau cites authority for his argument, including The Florida Bar v. Levine, 498 So.2d 941 (Fla.1986).
Levine, however, involved a misdemeanor drug violation and a referee’s determination that a public reprimand was all that was warranted in that case. The facts are different here. We note that Blau’s misconduct occurred over a period of time and involved several distinct episodes. As a general rule, greater discipline than that recommended by the referee would be warranted based on these facts, absent significant mitigation. We believe it evident that the referee already has factored a substantial level of mitigation into the lesser penalty recommended in this instance. We cannot fault that recommendation, and adopt both the referee’s findings and recommendations.
Accordingly, Jeffrey Blau is hereby suspended from the practice of law for a period of sixty days, followed by three years’ rehabilitative probation. During the suspension and probation, Blau shall submit himself to such treatment and testing as The Florida Bar determines to be appropriate. The suspension will be effective thirty days from the filing of this opinion so that Blau can close out his practice and protect the interests of existing clients. If Blau notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Blau shall accept no new business from the date this opinion is published until the suspension is completed. Judgment for costs is entered against respondent in the amount of $1,686.67, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, MCDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concurring.