919 So.2d 384 (2005)
THE FLORIDA BAR, Complainant,
v.
Marc B. COHEN, Respondent.
No. SC04-1019.
Supreme Court of Florida.
November 23, 2005.
Rehearing Denied January 11, 2006.
John F. Harkness, Jr., Executive Director, and John Anthony Boggs, Staff Counsel, The Florida Bar, Tallahassee, FL, and Sheila Marie Tuma, Bar Counsel, Orlando, FL, for Complainant.
*385 Scott K. Tozian of Smith and Tozian, P.A., Tampa, FL, for Respondent.
PER CURIAM.
The Florida Bar seeks review of a referee's report recommending a thirty-day suspension, offset by credit for time served pursuant to a criminal incarceration, and a three-year probationary period. We have jurisdiction. See art. V, § 15, Fla. Const. For the reasons expressed below, we approve the referee's findings of fact and recommendations as to guilt, but reject the referee's recommended discipline. The serious nature of Marc B. Cohen's misconduct, as well as both the actual and potential harm and danger he presented, warrant a ninety-day suspension followed by three years' probation.

BACKGROUND
Attorney Cohen was arrested in August 2002. He subsequently pled nolo contendere to a felony marijuana possession charge and five misdemeanor counts, which included driving under the influence, possession of drug paraphernalia, fleeing and eluding officers, resisting arrest without violence, and reckless driving. The circuit court entered an order adjudging Cohen guilty on the driving under the influence charge and withholding adjudication on the remaining charges, including the felony marijuana possession charge. The circuit court sentenced Cohen to thirty days in jail, with one year of drug-offender probation, followed by two years of probation. Cohen was also required to perform 100 hours of pro bono legal services and 50 hours of community service, pay fines, and relinquish his driver's license for six months.
The Florida Bar instituted disciplinary proceedings under rule 3-7.2(e) of the Rules Regulating the Florida Bar, the felony suspension rule. Following a formal hearing, the referee issued his report in which he found Cohen's plea to the criminal charges was "conclusive proof of guilt." The report also referred to specific pages of the hearing transcript containing the testimony of the trooper who investigated the incident which gave rise to Cohen's arrest and criminal charges.
The trooper testified Cohen was driving seventy to ninety miles per hour, intoxicated, in the wrong direction on Interstate 95 when given chase by the police. At first, Cohen failed to stop. An oncoming innocent driver had to swerve his vehicle to avoid being hit, struck another vehicle, and hit a cement barrier. The innocent drivers of the other vehicles were taken to the emergency room and both of their vehicles were damaged. Eventually, Cohen stopped and exited his vehicle, but failed to respond to the trooper's repeated commands to stop or turn around. He was brought under control only through forceful restraint. He refused to submit to a breathalyzer, and when his car was searched, the trooper discovered seventy-one grams of marijuana, a pipe, and an extensive amount of drug paraphernalia.
As to rehabilitation and aggravating and mitigating factors, the referee found Cohen clearly and convincingly established his rehabilitation, having traveled great lengths to turn his life around and to rehabilitate himself after his August 2002 arrest. The referee found there were no "applicable" aggravating factors, but found ten mitigating ones, including: (1) absence of a prior disciplinary record; (2) absence of a dishonest or selfish motive; (3) personal or emotional problems; (4) timely good faith efforts to rectify the consequences of his misconduct; (5) cooperative attitude toward the proceedings; (6) character or reputation; (7) physical or mental disability or impairment; (8) interim rehabilitation; *386 (9) imposition of other penalties or sanctions; and (10) remorse.
As to discipline, the referee found Cohen had refrained from the practice of law for the twenty-eight days of his incarceration, as would be obvious, and for the remainder of the month of July 2004, which the referee equated to a period of suspension. He recommended that Cohen be suspended for thirty days, but that he be given credit for the month of July 2004. Thus, the referee concluded that absolutely no additional time of suspension was warranted and recommended that Cohen be placed on probation for three years with the following conditions: (1) that he remain in compliance with his Florida Lawyers' Assistance, Inc. (FLA) contract for the full term of his probation; (2) that he completely abstain from alcohol and be tested for alcohol and other controlled substances; and (3) that he make twelve speaking engagements every year of his probation with regard to his mental health, substance abuse, criminal acts, and efforts to rehabilitate himself, in addition to performing the community service which is part of his criminal sentence. The referee further recommended that Cohen be taxed with costs.
The Bar petitioned for review of the referee's recommended discipline, arguing that the appropriate discipline is a ninety-day suspension and three years' probation.

ANALYSIS
As a preliminary matter, neither party challenges the referee's findings of fact and the application of rule 3-7.2 of the Rules Regulating the Florida Bar. Accordingly, we approve those findings without further discussion.
At issue is only the recommended discipline. In reviewing a referee's recommended discipline, this Court's scope of review is more expansive than that afforded to the referee's findings of fact because it is ultimately the Court's responsibility to order the appropriate sanction. Fla. Bar v. Heptner, 887 So.2d 1036, 1041 (Fla.2004); Fla. Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989); see also art. V, 15, Fla. Const. Generally, the Court will not second-guess the referee's recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. Heptner, 887 So.2d at 1042; Fla. Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999).
In our view, the referee's recommended discipline in this case does not have a reasonable basis in either. Standard 10.3, used by the referee as a starting point in his analysis, provides:
Absent the existence of aggravating factors, the appropriate discipline for an attorney found guilty of felonious conduct as defined by Florida state law involving the personal use and/or possession of a controlled substance who has sought and obtained assistance from F.L.A., Inc., or a treatment program approved by F.L.A., Inc., as described in paragraph one above, would be as follows:
a. A suspension from the practice of law for a period of 91 days or 90 days if rehabilitation has been proven; and

b. A three-year period of probation, subject to possible early termination or extension of said probation, with a condition that the attorney enter into a rehabilitation contract with F.L.A., Inc., prior to reinstatement.
(Emphasis added.)
The cases upon which the referee relied as support for the downward deviation from the presumptively correct suspension of ninety or ninety-one days do not address standard 10.3 and felonies. In Florida *387 Bar v. Blau, 630 So.2d 1085 (Fla. 1994), the respondent used marijuana and cocaine over a period of time and was ultimately arrested for possession of marijuana. The amount of marijuana in his possession at the time of his arrest is not disclosed in the opinion, and the attorney avoided prosecution by rendering assistance to law enforcement. The Bar was not proceeding under the felony suspension rule and the Standards for Imposing Lawyer Sanctions were not mentioned nor were they evaluated in the opinion.
The referee in Blau recommended a sixty-day suspension along with a three-year probation period. On review, the respondent argued that the referee had not given sufficient weight to the mitigating evidence. The Court approved the referee's recommended sanction, stating: "We believe it evident that the referee already has factored a substantial level of mitigation into the lesser discipline recommended in this instance." Id. at 1086.
The misconduct here is more egregious than that considered in Blau. Cohen was actually charged with and pled nolo contendere to a felony marijuana possession charge and five misdemeanor charges. The circuit court ultimately found Cohen guilty of driving under the influence, but withheld adjudication on the other charges. His misconduct caused a serious accident on Interstate 95, injuring and endangering innocent people.
Cohen's misconduct is more similar to that involved in Florida Bar v. Temmer, 753 So.2d 555 (Fla.1999), than the conduct considered in the cases upon which the referee relied. In Temmer, the attorney was charged with possession of marijuana, cocaine, Valium, and drug paraphernalia. She pled not guilty to the criminal charges and the charges were ultimately dismissed after Temmer's motion to suppress the evidence was granted. There was significant mitigating evidencethe attorney had just been diagnosed with bipolar disorder and had voluntarily submitted herself to FLA for evaluation. The referee found that she had established rehabilitation and recommended a ninety-day suspension with a three-year probation period to follow. This Court held a ninety-one-day suspension, proof of rehabilitation, and a three-year probation were the appropriate sanction based upon consideration of all factors
Also, Florida Bar v. Weintraub, 528 So.2d 367 (Fla.1988), involved a similar factual circumstance. There, the attorney pled nolo contendere to a charge of delivery of a half gram of cocaine. Adjudication of guilt was withheld and the attorney was sentenced to probation for thirteen months. The referee recommended a ninety-day suspension followed by a two-year probation period with conditions. In his report, the referee rejected the respondent's argument that he should receive only a private reprimand, stating that a private reprimand was "far too lenient for a knowing and intentional commission of a crime." Id. at 369. The referee there noted that the respondent had taken "no steps to disengage himself from illegal drug activities until after his apprehension" and that a private reprimand "would not serve as much of a deterrent to other members of the bar who are currently engaging in or contemplating engaging in illegal drug activities." Id. This Court approved the referee's report. Id.
In the present case, Cohen may have no disciplinary history and did not engage in this misconduct while on probation, but the misconduct in which he engaged was extremely serious, included multiple charges, and presented an extreme danger. In addition to being charged with felony possession of marijuana for personal use, for which charge adjudication was withheld, *388 he was also charged with five misdemeanor offenses, which were driving under the influence, possession of drug paraphernalia, fleeing and eluding officers, resisting arrest without violence, and reckless driving. He pled nolo contendere to all of the charges. Immediately prior to his arrest, Cohen was driving seventy to ninety miles per hour in the wrong direction on Interstate 95. His misconduct directly impacted and harmed at least two innocent people, and his actions placed many more in danger. When he finally stopped and exited his car, he was so severely intoxicated that he either would not or could not follow the trooper's simple commands. He also refused to submit to a breathalyzer. A search of his car resulted in the discovery of a felony amount of marijuana and a large amount of drug paraphernalia.
Following his arrest, Cohen did seek assistance from FLA and began treatment with a psychologist, who determined that Cohen suffered from obsessive compulsive disorder, which had been previously undiagnosed. He has tested negative in all categories during random monthly drug tests since early in his recovery and has participated actively in his recovery program. While it is admirable that Cohen has taken these affirmative steps to address the problem and has made efforts to accept responsibility for his actions, the Court cannot simply disregard the danger and harm to the public caused by his misconduct. In determining a proper sanction, this Court takes the three purposes of lawyer discipline into consideration.
First, the judgment must be fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services of a qualified lawyer as a result of undue harshness in imposing penalty. Second, the judgment must be fair to the respondent, being sufficient to punish a breach of ethics and at the same time encourage reformation and rehabilitation. Third, the judgment must be severe enough to deter others who might be prone or tempted to become involved in like violations.
Fla. Bar v. Barrett, 897 So.2d 1269, 1275-76 (Fla.2005) (quoting Fla. Bar v. Lord, 433 So.2d 983, 986 (Fla.1983)).
We hold a thirty-day suspension for a felony drug possession charge and five other charges is inappropriate, considering the facts of the instant case. Such a sanction would cause the public to doubt the disciplinary system and this Court's resolve to protect the public from unethical conduct by attorneys. As Cohen has proven rehabilitation, a ninety-day suspension followed by a three-year probation period subject to the terms and conditions set forth by the referee is the appropriate discipline.

CONCLUSION
Marc B. Cohen is hereby suspended from the practice of law for ninety days. Upon reinstatement, he will be on probation for a period of three years. During his probation he is to (1) remain in compliance with his FLA contract for the full term of his probation; (2) completely abstain from alcohol and be tested for alcohol and other controlled substances; and (3) make twelve speaking engagements every year of his probation with regard to his mental health, substance abuse, criminal acts, and his efforts to rehabilitate himself, in addition to the community service which is part of his criminal sentence.
The ninety-day suspension will be effective thirty days from the filing of this opinion so that Cohen can close out his practice and protect the interests of existing clients. If Cohen notifies this Court in writing that he is no longer practicing and *389 does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Cohen shall accept no new business from the date this opinion is filed until the suspension is completed.
Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida XXXXX-XXXX, for recovery of costs from Marc B. Cohen in the amount of $1,680.07, for which sum let execution issue.
It is so ordered.
PARIENTE, C.J., and WELLS, ANSTEAD, LEWIS, QUINCE, CANTERO, and BELL, JJ., concur.