PER CURIAM.
We have for review a referee’s report recommending that Respondent Jaime Roberto be found guilty of professional misconduct and placed on probation for a period of one year. The Florida Bar petitions the Court for review of the report, taking issue with the referee’s failure to find . Roberto in violation of Rule Regulating the Florida Bar 4-1.7(a) (Representing Adverse Interests), as well as the referee’s recommended sanction. We have jurisdiction. See art. V, § 15, Fla. Const.
The disciplinary case against Jaime Roberto arises from alleged ethical violations that occurred during his representation of two female clients in their criminal cases. The referee found that in the course of his representation of these clients, with whom he admits having sexual relations, Roberto impermissibly provided financial assistance outside the scope of.litigation, in violation of Rule Regulating the Florida Bar 4-1.8(e) (Financial Assistance to Client), and improperly used a client to solicit additional business, in violation of Rule Regulating the Florida Bar 4-7.4(a) (Solicitation). *1103 Based on the record before us, we agree with The Florida Bar that, in addition to the violations found by the referee, Roberto’s conduct also violated Rule Regulating the Florida Bar 4-1.7(a), prohibiting an attorney from engaging in a conflict of interest. We further conclude that the sanction of a one-year probationary period recommended by the referee is too lenient. Instead, we impose a one-year rehabilitative suspension.
BACKGROUND
The Florida Bar filed a disciplinary complaint against Respondent Roberto, alleging that he violated several of the Rúles Regulating the Florida Bar (Bar Rules). A referee was appointed. After holding a hearing in the case, the referee has submitted her report for the Court’s review, in which she makes the following findings and recommendations.
Roberto graduated from law school and was admitted to The Florida Bar in October 2006. In January and February 2008, while working as a solo practitioner, Roberto undertook representation of two female clients in two separate and unrelated criminal matters. Roberto has admitted, and the referee found, that he engaged in sexual relations with both of these women during the course of the representation. The facts presented demonstrate that Roberto never entered into a written fee agreement with either client, and he never received any monetary fees from them.
Roberto has also admitted that he provided both clients with financial assistance on several occasions. As to one client, Roberto helped her to obtain a business-purpose driver’s license and paid the fee associated with the license. Later, when that client was serving her criminal sentence in the county jail, Roberto made at least two deposits into her commissary account, totaling around $130. With respect to the second client, Roberto gave her $250 to buy clothes, groceries, and other personal goods. During a period of time when this client was also held in the county jail, Roberto deposited approximately $60 into her commissary account. In both cases, the financial assistance was not associated with the costs of litigation or in any way connected with the criminal case.
Finally, the referee found that Roberto asked one of these female clients to refer prospective criminal clients to him for representation. In fact, Roberto admitted that he purchased a cellular phone for her to use in referring clients. There is no evidence that Roberto actually received any legal fees from the arrangement or that he shared . any legal fees with the client for her referrals.
The Bar argued before the referee that Roberto engaged in the sexual relationship in exchange for his legal services. However, the referee rejected this assertion. With respect to both clients, the referee found that the Bar failed to prove by clear and convincing evidence that the sexual relationship was in exchange for legal services • or that it exploited the attorney-client relationship.
Given the conduct described above, the referee specifically noted as follows:
It is the opinion of this referee that an attorney should not have a sexual relationship with a current client and recommends that The Florida Bar review the applicable rules " and consider such changes. Pursuant to the Rules Regulating The Florida Bar, respondent’s conduct during his representation ... did create a conflict of interest. Conduct such as that engaged in by respondent, taints how the legal profession is viewed by members of the public and by people who seek the professional services of an attorney....
*1104 The referee ultimately found that Roberto’s misconduct violated Bar Rules 4-1.8(e) (Financial Assistance to a Client) and 4.7.4(a) (Solicitation).
The referee’s report indicates that she considered the following factors in mitigation: (1) Roberto has no prior disciplinary record; (2) he did not act with a dishonest or selfish motive; (3) he made full and free disclosure to the disciplinary board and exhibited a cooperative attitude during the disciplinary proceedings; and finally, (4) he is inexperienced in the practice of law. The referee did not find any aggravating factors in this case.
Accordingly, based on her recommendations as to guilt and the several mitigating circumstances, the referee recommended that Roberto serve one year of probation; that he participate in Law Office Management Assistance Service (LOMAS) and comply with the program’s recommendations; that he complete an ethics course; and that he be ordered to pay the Bar’s costs, totaling $4,402.27.
The Bar has filed a petition seeking review of the referee’s report. As neither party has challenged the referee’s factual findings, we approve them without further comment. However, as discussed below, the Bar challenges the recommendations as to guilt and discipline.
ANALYSIS
The Bar first challenges the referee’s recommendation that Roberto’s misconduct in this case does not amount to a violation of rule 4-1.7(a), regarding conflicts of interest.[1] In reviewing a referee’s recommendations as to guilt, the Court has consistently stated that the referee’s factual findings must be sufficient under the applicable rules to support the recommendations as to guilt. See Fla. Bar v. Scott, 39 So.3d 309, 315-16 (Fla.), cert. denied, - U.S. -, 131 S.Ct. 581, 178 L.Ed.2d 415 (2010); Fla. Bar v. Shoureas, 913 So.2d 554, 557-58 (Fla.2005). Here, the Bar argues that the referee erred in failing to recommend that Roberto be found guilty of violating rule 4-1.7(a). We agree.
Rule 4-1.7, in general, prohibits attorneys from representing a client or clients if the representation creates a conflict of interest. In relevant part, the rule provides that a lawyer shall not represent a client if there is a substantial risk the representation will be “materially limited” by the lawyer’s own personal interests. See R. Regulating Fla. Bar 4-1.7(a)(2). The comment to this rule explains that loyalty and independent judgment are essential elements in the lawyer’s relationship with a client. Id. cmt. This loyalty may be impaired when a lawyer cannot consider, recommend, or carry out an appropriate course of action on behalf of his or her client because of the lawyer’s other interests.
As noted in the excerpt from the referee’s report cited above, the referee expressly found that Roberto’s sexual relationship with his clients created a conflict of interest. Nonetheless, the referee did *1105 not find Roberto in violation of rule 4-1.7(a). We conclude that the referee’s recommendation on this point is not supported. Indeed, the referee’s findings of fact, and Roberto’s own admissions, establish that his conduct created a conflict of interest.
The record is clear that Roberto engaged, in sexual relations with these clients during the time he represented them. Moreover, the referee’s factual findings in this case support the conclusion that Roberto’s sexual relationship with his clients impaired the exercise of his professional judgment, which in turn led to additional unethical conduct. While Roberto did not trade legal services for sexual favors, his conduct undoubtedly gave the appearance of impropriety. Roberto never entered into a written fee agreement with either client, he never received any monetary fees from either client, and he repeatedly met both women at their homes or in restaurants to discuss their cases, rather than in a professional office setting. Roberto also provided the clients with prohibited financial assistance in violation of rule 4 — 1.8(e),[2] in that he used his personal funds to pay their bills, gave them money to buy clothes and other personal items, and made deposits to their commissary accounts in jail. Although this financial assistance may have been given, at least partially, from a misguided sense of philanthropy, we conclude that Roberto’s behavior demonstrates that his involvement in sexual relationships with his clients clouded his professional judgment, creating a conflict of interest that ultimately led to additional ethical violations.
Accordingly, we disapprove the referee’s recommendation that Roberto’s conduct did not amount to a violation 'of rule 4-1.7(a). We approve the referee’s other recommendations as to guilt without comment.
The Bar next challenges the referee’s recommended sanction, a one-year period of probation. In reviewing a referee’s recommended discipline, this Court’s scope of review is broader than that afforded to the referee’s findings of fact because, ultimately, it is our responsibility to order the appropriate sanction. See Fla. Bar v. Anderson, 538 So.2d 852, 854 (Fla.1989); see also art. V, § 15, Fla. Const. Generally speaking, this Court will not second-guess the referee’s recommended discipline as long as it has a reasonable basis in existing case law and the Florida Standards for Imposing Lawyer Sanctions. See Fla. Bar v. Temmer, 753 So.2d 555, 558 (Fla.1999).
In challenging the referee’s recommended sanction, the Bar first argues that the referee’s factual findings demonstrate a pattern of misconduct, which should be considered as an aggravating factor under Florida Standard for Imposing Lawyer Sanctions 9.22(c). We agree. This Court has held, “Like other factual findings, a referee’s findings of mitigation and aggravation carry a presumption of correctness and will be upheld unless clearly erroneous or without support in the record. A referee’s failure to find that an aggravating factor or mitigating factor applies is due the same deference.” Fla. Bar v. Germain, 957 So.2d 613, 621 (Fla.2007) (citation omitted). Here, the record clearly *1106 establishes that Roberto engaged in a sexual relationship with two current clients; in each case, the sexual nature of the relationship created a conflict of interest between Roberto’s own interests and those of his client. Additionally, in both relationships, Roberto has admitted that he provided his clients with financial assistance, namely money for their personal expenses. Given these undisputed facts, we agree with the Bar that Roberto’s improper behavior with clients demonstrates a pattern of misconduct and that the referee should have considered the pattern as an aggravating factor pursuant to Standard 9.22(c).
The Bar also argues that, considering the seriousness of Roberto’s misconduct and the aggravating and mitigating factors in this case, the appropriate sanction is a one-year suspension. In determining a proper sanction, the Court must take into account the three purposes of lawyer discipline:
First, the judgment must be fair to society, both in terms of protecting the public from unethical conduct and at the same time not denying the public the services of a qualified lawyer as a result of undue harshness in imposing penalty. Second, the judgment must be fair to the respondent, being sufficient to punish a breach of ethics and at the same time encourage reformation and rehabilitation. Third, the judgment must be severe enough to deter others who might be prone or tempted to become involved in like violations.
Fla. Bar v. Barrett, 897 So.2d 1269, 1275-76 (Fla.2005) (quoting Fla. Bar v. Lord, 433 So.2d 983, 986 (Fla.1983)); see also Fla. Bar v. Cohen, 919 So.2d 384, 388 (Fla.2005); Fla. Bar v. Spear, 887 So.2d 1242, 1246 (Fla.2004).
In this case, any sanction less than a suspension that requires Respondent to prove rehabilitation would not be consistent with the seriousness of the rule violations found in this case. Although the referee found that Roberto was an inexperienced lawyer, he should have known that it was improper to use his client to solicit business from other potential clients, even buying her a cell phone to assist with this impermissible scheme. Similarly, Roberto’s inexperience does not excuse the breach of ethics in providing financial assistance to clients outside of the scope of litigation. The ethical prohibition on this type of activity could not be more clear. See R. Regulating Fla. Bar 4-1.8.
Although Roberto was an inexperienced lawyer, the totality of his conduct shows that as a result of the sexual relationship with these clients, he violated multiple rules. While the referee did not find that he traded legal services for sex, and the Bar has not appealed that specific finding, the circumstances of the representation, including the fact of the sexual relationships, created an appearance of impropriety. One might ask why there was no fee agreement and why Roberto never even attempted to collect a fee from these clients, choosing instead to provide them with financial assistance.
Simply put, this is not a case that merits only probation. The Florida Standards for Imposing Lawyer Sanctions applicable to Roberto’s misconduct suggest that a period of suspension is appropriate. See Fla. Stds. Imposing Law. Sanes. 4.32 (“Suspension is appropriate when a lawyer knows of a conflict of interest and does not fully disclose to a client the possible effect of that conflict, and causes injury or potential injury to a client.”); Fla. Stds. Imposing Law. Sanes. 7.2 (“Suspension is appropriate when a lawyer knowingly engages in conduct that is a violation of a duty owed as a professional and causes injury or po *1107 tential injury to a client, the public, or the legal system.”).
Moreover, this Court has consistently imposed rehabilitative suspensions for violations of the ethical rules similar to those found in this case. See, e.g., Fla. Bar v. Rue, 643 So.2d 1080 (Fla.1994) (imposing a ninety-one day suspension for misconduct involving, among other violations, improper financial assistance to clients and improper business transactions with clients, where the lawyer advanced money to clients for their living expenses, costs not associated with the underlying litigation); Fla. Bar v. Stafford, 542 So.2d 1321 (Fla.1989) (imposing a six-month suspension for ethical violations including improper solicitation of clients). We have also considered Florida Bar v. Bryant, 813 So.2d 38 (Fla.2002), in which we imposed a one-year suspension for violations of rule 4-8.4(i), which explicitly prohibits impermissible sexual relationships with current clients. While we recognize that the referee did not find violations of rule 4-8.4(i), we view the sum total of Respondent’s conduct in this case to be of equivalent severity.
In sum, considering the aggravating and mitigating factors discussed above, coupled with the Standards and case law cited herein, we disapprove the referee’s recommended discipline of probation for one year and instead impose a rehabilitative suspension of one year.
CONCLUSION
Accordingly, Jaime Roberto is hereby suspended from the practice of law for one year. The suspension will be effective thirty days from the filing of this opinion so that Roberto can close out his practice and protect the interests of existing clients. If Roberto notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Roberto shall fully comply with Rule Regulating the Florida Bar 3-5.1(g). Further, Roberto shall accept no new business from the date this opinion is filed until he is reinstated.
Judgment is entered for The Florida Bar, 651 East Jefferson Street, Tallahassee, Florida 32399-2300, for recovery of costs from Jaime Roberto in the amount of $4,402.27, for which sum let execution issue.
It is so ordered.
CANADY, C.J., and PARIENTE, LEWIS, QUINCE, POLSTON, LABARGA, and PERRY, JJ., concur.

. The referee found that Roberto’s conduct did not amount to a violation of rule 4-8.4(i), stating that a lawyer shall not engage in a sexual relationship with a client that exploits or adversely affects the interests of the client or the lawyer-client relationship. The Bar does not challenge this finding, and accordingly we do not address it except to note that subsequent to the conduct in this case, rule 4-8.4(i) was amended to include the following presumption: “If the sexual conduct commenced after the lawyer-client relationship was formed it shall be presumed that the sexual conduct exploits or adversely affects the interests of the client or the lawyer-client relationship.” In re Amendments to the Rules Regulating the Fla. Bar, 24 So.3d 63, 145 (Fla.2009).

. Bar rule 4-1.8(e) provides that a lawyer shall not provide financial assistance to a client in connection with pending or .contemplated litigation, except that: ‘‘(1) a lawyer may advance court costs and expenses of litigation, the repayment of which may be contingent on the outcome of the matter; and (2) a lawyer representing an indigent client may pay court costs and expenses of litigation on behalf of the client.” Roberto does not challenge the referee’s determination that his conduct in this case was a violation of rule 4-1.8.