582 So.2d 1178 (1991)
THE FLORIDA BAR, Complainant,
v.
Kenneth P. LIROFF, Respondent.
No. 76460.
Supreme Court of Florida.
June 27, 1991.
*1179 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee, and David M. Barnovitz, Bar Counsel and Linda J. Amidon, Co-Bar Counsel, Fort Lauderdale, for complainant.
J. David Bogenschutz of Kay, Bogenschutz and Dutko, P.A., Fort Lauderdale, for respondent.
PER CURIAM.
This disciplinary proceeding is before the Court on complaint from The Florida Bar and the referee's report. We have jurisdiction. Art. V, § 15, Fla. Const.
On March 26, 1987, this Court issued a private reprimand to Kenneth P. Liroff, who is a lawyer and licensed dentist, for engaging in conduct adversely reflecting on his fitness to practice law. This conduct arose from Liroff's addiction to the synthetic opiate cough syrup called Hycodan. At that time, we ordered Liroff to undergo any treatment recommended by Florida Lawyers Assistance, Inc. (FLA). The Fla. Bar v. Liroff, No. 69,365 (Fla. March 26, 1987) (unpublished order).
On August 31, 1989, we again disciplined Liroff when The Florida Bar called to our attention the fact that he had failed to fulfill the conditions of his substance abuse program. At that time, we placed Liroff on probation for a period of two years and thereafter until he could demonstrate rehabilitation pursuant to an FLA contract. The Fla. Bar v. Liroff, No. 73,570 (Fla. Aug. 31, 1989) (unpublished order).
In the present proceeding, the referee found that Liroff "has failed to comply with the Supreme Court Orders of March 26, 1987 as well as their Order of August 31, 1989." The referee concluded that Liroff did not comply with his FLA contract and was in a "denial phase" of drug dependency. This recommendation was based on evidence presented by The Florida Bar that Liroff had again abused narcotic substances.
Liroff challenges the sufficiency of the evidence against him. In his brief, Liroff admits taking the drugs phenobarbitol, Halcion, and Hycodan[1] after the date he was last disciplined by this Court. However, he argues that these either were pursuant to a physician's prescription or because of "lapses, due to error." He also notes that he was taking an antiabuse medication (Narcan) at the relevant times. Liroff calls our attention to witnesses who testified to their belief that he was dealing with his chemical dependency in a reasonable manner.
In his reply brief, Liroff also notes that the evidence indicates he is not presently addicted to drugs. However, he concedes taking Hycodan, the narcotic to which he previously was addicted:
[T]he Appellant had ingested that drug knowing that he was also taking a masking device that dulled or eliminated its effect, at the direction and with the acquiescence of a personal physician, and when it proved ineffective (as Appellant had predicted), he ceased taking the medication.
(Emphasis in original.)
This argument misconceives the purpose of attorney discipline in cases involving attorneys previously found to suffer a drug-dependency problem. The standard in cases of this type is not merely that the attorney presently suffers no addiction. Serious impairment  perhaps resulting in serious harm to a client  can occur in a single episode, without the attorney ever actually becoming addicted again.
More to the point, an attorney previously addicted to impairing substances is under a continuing obligation to comply with the terms of probation imposed by this Court, *1180 including good-faith compliance with treatment programs administered by FLA. Even a single episode of substance abuse is a violation of this obligation, whether or not renewed "addiction" results. Impaired attorneys are a serious problem that this Court takes very seriously.
The present record contains substantial competent evidence that Liroff has failed to fulfill his obligation to this Court. There is no question that Liroff failed to comply with the disciplinary order of March 26, 1987. See The Fla. Bar v. Liroff, No. 73,570 (Fla. Aug. 31, 1989). Yet, only a few weeks after he was disciplined for this violation, Liroff tested positive for the narcotic drug phenobarbitol. He further failed to meet regularly with his monitor and pay monitoring fees as required. In a personal letter to FLA, he later admitted taking the drug Hycodan, to which he previously was addicted, and noted that he personally had requested this drug from his physician for a bad cold.
While we agree with Liroff that some latitude will be given for the use of prescription medicines needed for a legitimate medical purpose, the totality of this record substantially supports the referee's conclusion that Liroff violated the terms of his probation here. In particular, attorneys under probation should avoid ever taking a chemical substance to which they previously have been addicted, even if it is done "for medicinal purposes." The renewed use of such substances is strong evidence of a violation of the terms of probation, especially since Liroff has not demonstrated that other nonaddictive medications were unavailable to treat his cold. These episodes may have been "lapses," but they are lapses that Liroff was under an obligation to guard against pursuant to the orders previously entered by this Court.
Accordingly, we find that the referee's findings of fact are supported by substantial competent evidence. They therefore will be accepted as the findings of this Court. The Fla. Bar v. Hooper, 509 So.2d 289 (Fla. 1987).
Pursuant to the referee's recommended discipline, we hold Liroff in contempt of court for failure to adhere to the conditions of his probation. See R. Regulating Fla. Bar 3-5.1(c) (West 1991). Liroff is hereby suspended from the practice of law for a period of sixty days, commencing thirty days after the filing of this opinion. During the period of his suspension, Liroff shall enter an inpatient drug-treatment facility approved by FLA and shall diligently undergo and complete any treatment or therapy recommended, including follow-up treatment and therapy. We caution Liroff that the unexcused failure to fulfill this condition will constitute a further contempt of this Court justifying more serious discipline.
At the end of his suspension, Liroff again shall be placed on probation. During this probation, he shall submit himself to FLA for any continuing treatment deemed necessary. The Florida Bar is hereby authorized to appoint a member in good standing to supervise Liroff's work and activities during the period of his probation, if deemed appropriate, and to impose any other reasonable conditions designed to ensure that Liroff's drug dependency is controlled and does not adversely affect his clients. Liroff's period of probation shall be for two years from the date his suspension ends, and thereafter until The Florida Bar's Board of Governors after consultation with FLA finds that Liroff's condition is such that he is unlikely to continue abusing mind-impairing substances and that no threat is posed to his clients as a result of his chemical dependency.
After this opinion is released and until his suspension has ended, Liroff shall accept no new clients. He shall give his present clients notice of his suspension as *1181 required by the Rules Regulating The Florida Bar and shall take whatever steps are necessary to protect his present clients' interests pending and during his suspension. Judgment in favor of The Florida Bar for costs in the amount of $828.00 is entered against Liroff, for which sum let execution issue.
It is so ordered.
SHAW, C.J. and OVERTON, McDONALD, BARKETT, GRIMES, KOGAN and HARDING, JJ., concur.
NOTES
[1] He also admits taking the drug Trexan for treatment of depression, although the record suggests there may have been a valid medical purpose for the use of this drug.