PER CURIAM.
This is a lawyer disciplinary proceeding in which the respondent, William C. Nesbitt, seeks review of the referee’s recommended disciplinary action of a ninety-one-day suspension for the negligent maintenance of his trust account records. We have jurisdiction. Art. V, § 15, Fla. Const.
This proceeding commenced with a complaint filed by The Florida Bar alleging that Nesbitt committed several trust-accounting procedure violations. The referee found that during 1989 Nesbitt failed to maintain an interest-bearing trust account with interest payable to The Florida Bar Foundation; that Nesbitt failed to comply with the rules regulating trust accounts by failing to maintain a separate cash receipts and disbursements journal; that Nesbitt failed to record reasons for trust account receipts and disbursements; that he failed to maintain proper records identifying each client or matter concerning funds received, disbursed, or transferred; that he failed to diligently handle the service charges on his trust account; and that he disbursed uncollected funds from his trust account. This proceeding was filed as a result of an audit conducted by the Bar after the commencement of another disciplinary proceeding in which we publicly reprimanded Nesbitt for client neglect. See The Fla. Bar v. Nesbitt, 583 So.2d 1038 (Fla.1991) (approval by order of referee’s recommendation of public reprimand). No intentional taking of client funds, dishonesty, or client complaint or injury was found by the referee nor asserted by the Bar in this ease.
In arguing for a ninety-one-day suspension, which would require Nesbitt to prove rehabilitation before he could resume his practice of law, the Bar acknowledged that there were numerous cases imposing public reprimands followed by two-year probationary terms for the failure to properly maintain trust account records and an IOTA account. The Bar asserts, however, that the aggravating circumstances in this case justify the imposition of a ninety-one day suspension and identifies the aggravating circumstances as: (1) Nesbitt’s neglect of legal matters for clients for which he received a public reprimand in Nesbitt; (2) his failure to comply with continuing legal education requirements; (3) his failure to timely pay his Bar dues; and (4) his uncooperative attitude in this disciplinary proceeding.
The prior disciplinary proceeding before this Court concerned the neglect of two client matters in which Nesbitt (1) failed to proceed on subrogation claims for a client and (2) was negligent in representing a client in a custody dispute. As to the subrogation claims matter, the referee found that the claims were uncollectible apart from Nesbitt’s neglect of the work; with regard to the custody matter, the referee found that the client later abandoned her custody case against the advice of an attorney subsequently appointed to represent her and the client did not testify at the disciplinary hearing. We note that, in the prior disciplinary proceeding, the referee found in mitigation that Nesbitt had difficulties in finding remunerative employment in Georgia or Florida and that he had opened a solo practitioner office in Jacksonville, Florida. The referee then stated:
Respondent was married approximately twenty years. When he returned to Jacksonville, his wife remained in Georgia. The Jacksonville practice was not successful, and when coupled with his prior period of unemployment, contributed to severe financial problems. Finances in turn had a negative impact on his marriage. Respondent and his wife were separated twice and are in the process of divorce. Respondent ascribes most of his inattention and neglect of his practice to his personal problems.
The referee also noted that “Respondent is now employed with Hyatt Legal Services in the Atlanta, Georgia, area at nominal pay. His personal finances remain depressed.” Given that the neglect at issue arose during the same time period as the neglect in the prior proceeding, we find that this mitigation is, in part, applicable here. Consequently, we find that Nesbitt’s conduct at issue in this *192 ease, even when combined with the neglect of client matters as articulated above, warrants a ninety-day suspension, rather than the ninety-one day suspension recommended by the referee.
Accordingly, we approve the referee’s recommendation as to guilt and as to the assessment of costs, and we hereby suspend the respondent, William C. Nesbitt for ninety days. The ninety-day suspension will be effective thirty days from the filing of this opinion so that Nesbitt can close out his practice and protect the interest of existing clients. If Nesbitt notifies this Court in writing that he is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the ninety-day suspension effective immediately. Nesbitt shall accept no new business from the date this opinion is filed. Additionally, before being reinstated to the Bar, Nes-bitt must complete three hours of seminars on trust-accounting procedures. Judgment for costs in the amount of $1,759.57 is hereby entered against Nesbitt in favor of The Florida Bar, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.