PER CURIAM.
Respondent Taryn X. Temmer has petitioned this Court to review the findings of fact, recommended disciplinary measures, and the applicable mitigating factors in the referee’s report. We have jurisdiction pursuant to article V, section 15 of the Florida Constitution.
The Bar filed a complaint against Temmer in December 1991, alleging that she violated two disciplinary rules based upon her use of marijuana and crack cocaine. In December 1990, Temmer was retained by Frank Alvaro, Jr. to represent him in a criminal matter. Subsequent to that representation, Temmer became engaged in a personal relationship with Alvaro. Temmer was aware that Alvaro had returned to a previous drug habit when she began living with him in April 1991. Temmer apparently smoked marijuana on a regular basis, but also began to smoke crack cocaine in April 1991. In July 1991, Tem-mer’s father and her employer confronted Temmer and Alvaro as they returned to their apartment with crack cocaine. Temmer’s father called the police and Alvaro was arrested for grand theft and possession of drug paraphernalia. Temmer made additional criminal charges against Alvaro. Temmer also sought the assistance of a mental health professional to deal with her relationship with Alvaro, and continued weekly counseling sessions until her insurance ran out in December 1991.
In October 1991, Alvaro filed a complaint with the Bar, detailing Temmer’s use of cocaine with him. Following a number of family tragedies, Temmer resumed her relationship with Alvaro in November 1991 and also resumed her crack cocaine use. Although Alvaro requested that his complaint be withdrawn, the Bar filed a complaint against Temmer in December 1991. Temmer filed an answer to the complaint denying the allegations.
In January 1992, Temmer was terminated from her employment at the Brandon Law Center based upon her actions during her relationship with Alvaro. Temmer ended her relationship with Alvaro at that point, and voluntarily left the practice of law for several months. In August 1992, Temmer executed a waiver of probable cause hearing and consented to the entry of probable cause as to *1360 violating rules 3-4.3 and 4~8.4(b) of the Rules Regulating The Florida Bar.
The referee recommends that Temmer be found guilty of violating rule 3-4.3 (the commission by a lawyer of any act that is unlawful or contrary to honesty and justice, whether the act is committed in the course of the attorney’s relations as an attorney or otherwise, whether committed within or outside the state of Florida, and whether or not the act is a felony or misdemeanor, may constitute a cause for discipline) and rule 4-8.4(b) (a lawyer shall not commit a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer in other respects). The referee recommends that Temmer be suspended from the practice of law for ninety-one days and be required to prove rehabilitation as provided in rule 3-5.1(e). The referee based this recommendation upon Temmer’s underlying use of drugs and the fact that Temmer “was not candid with respect to the original complaint and did resume the use of cocaine for a significant time following the first complaint.” The referee further recommended that Temmer be placed on probation for three years, during which time she would undergo substance abuse evaluation, including testing, and treatment. In mitigation, the referee considered that Temmer sought professional help for her drug use.
Temmer argues that the referee’s recommendation of suspension requiring proof of rehabilitation is not supported by the facts. Temmer asserts that the referee’s characterization of her initial response as “false” is incorrect. Temmer claims that she did not make any false statements in her response, but rather made a categorical denial upon the advice of counsel. Temmer cites amended rule 4-8.4 of the Rules Regulating The Florida Bar and the accompanying comment as evidence that this categorical denial was not improper. Rule 4-8.4(g) provides that a lawyer shall not “fail to respond, in writing, to any inquiry by a disciplinary agency when such agency is conducting an investigation into the lawyer’s conduct.” The comment to the rule explains that “[w]hile response is mandatory, the lawyer may deny the charges,” and that such a response is “sufficient under the Rules Regulating The Florida Bar.” While this rule was amended after the referee’s hearing in this case, we agree with Temmer that her denial of the charges should not be the basis for imposing more severe discipline when such conduct is now condoned by the disciplinary rules.
We also agree with Temmer that the case law involving similar misconduct does not support the referee’s recommendation of a ninety-one day suspension. In The Florida Bar v. Weintraub, 528 So.2d 367 (Fla.1988), this Court approved a ninety-day 'suspension for delivery, possession, and use of cocaine because the respondent was not a drug addict, had no prior disciplinary record, and took significant remedial steps to correct his behavior. The facts in Temmer’s case are strikingly similar. The referee made findings that Temmer has not become drug dependent and that her competence as a practicing attorney is not at issue. The referee also stated that he took into consideration that Temmer sought professional assistance for her drug use and that she has no prior disciplinary actions.
The Standards for Imposing Lawyer Sanctions in Drug Cases provide that the appropriate discipline for an attorney found guilty of possessing or using a controlled substance who has obtained assistance from the Florida Lawyers Assistance, Inc. (F.L.A.) is “suspension from the practice of law for a period of 91 days or 90 days if rehabilitation has been proven.” Fla. Stds. Imposing Law. Sanes. 10.3(a) (emphasis added). In this case, Tem-mer sought the assistance of a mental health counselor to deal with her abusive relationship with Alvaro; she contacted F.L.A. and sought the assistance of a psychiatrist specializing in addictionology; and she also sought help from a licensed clinical social worker. Based upon the psychiatrist’s report and the F.L.A. evaluation, F.L.A. advised the Bar that there “does not appear to be sufficient evidence upon which to infer a substance abuse problem”, and that they would not be further involved unless advised otherwise. Although Temmer did resume cocaine use during her brief renewed relationship with Alvaro, she has not used any drugs since January 1992 and has had no contact with Alvaro since then. Three men *1361 tal health experts testified that Temmer’s problems are related to her personality and relationships, and that she is not drug-dependent. Four unannounced urine drug screens conducted from March 1992 through May 1993 were negative. This evidence supports a finding of rehabilitation.
In light of this evidence and Standard 10.-3(a), we find a ninety-day suspension to be the appropriate discipline in this case. Thus, we disapprove the referee’s recommended discipline of a ninety-one-day suspension and proof of rehabilitation. However, we agree with the referee that a three-year probationary period is appropriate, in light of Tem-mer’s history. Standard 10.3(b) provides that the appropriate discipline for an attorney found guilty of possessing or using a controlled substance shall include a “three-year period of probation, subject to possible early termination or extension of said probation, with a condition that the attorney enter into a rehabilitation contract with F.L.A., Inc. prior to reinstatement.” Fla. Stds. Imposing Law. Sanes. 10.3(b).
Accordingly, Temmer is hereby suspended from the practice of law for ninety days. This sanction will be effective thirty days from the filing of this opinion so that Tem-mer can close out her practice and protect the interests of existing clients. If Temmer notifies this Court in writing that she is no longer practicing and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Temmer shall accept no new business from the date this opinion is filed. Following the suspension, Temmer will be placed on probation for three years during which time she will undergo sub-, stance abuse evaluation, testing, and treatment as required. Judgment is entered against Temmer for costs in the amount of $2,500.72, for which sum let execution issue.
It is so ordered.
BARKETT, C.J., and OVERTON, McDonald, shaw, grimes, kogan and HARDING, JJ., concur.