689 So.2d 270 (1997)
The FLORIDA BAR, Complainant,
v.
Miguel A. ORTA, Respondent.
Nos. 85124, 85426.
Supreme Court of Florida.
March 6, 1997.
*271 John F. Harkness, Jr., Executive Director and John T. Berry, Staff Counsel, Tallahassee; and Billy J. Hendrix, Bar Counsel, Miami, for Complainant.
Miguel A. Orta, pro se, North Miami Beach, for Respondent.
PER CURIAM.
We have for review the complaint of The Florida Bar and the referee's report regarding alleged ethical breaches by Miguel A. Orta. We have jurisdiction. Art. V, § 15, Fla. Const.
The background of the case is as follows. Orta was suspended in 1988 for three years following felony convictions for income tax evasion. He also received a private reprimand in 1990 for minor misconduct. In October 1992, Orta filed a petition for reinstatement. Judge Rosemary Usher Jones presided over those proceedings as referee. She denied the petition, stating in her report that Orta had "continued to engage in fraudulent and deceitful conduct during his period of suspension, including statements made by him under oath to government entities." Orta did not appeal, and this Court approved the report in September 1994.
The Bar then filed a six-count complaint against Orta in 1995, seeking disbarment based on Judge Jones' finding that Orta had engaged in unethical conduct during his suspension. Judge Robbie Barr served as referee. No live testimony was given. The parties stipulated to permit the referee to make her findings on the transcripts and records of the prior reinstatement proceedings, as well as the parties' memoranda of facts and law.
The referee made the following findings of fact and recommendations of guilt:[1]

Count II
In the 1992 reinstatement proceedings, Orta failed to state in his answers to the Bar's interrogatory that he owned Canadian property and had a Canadian bank account, even though the interrogatory called for him to list all property and bank accounts. Prior to a May 1993 deposition, Orta cooperated with the Bar's investigation by signing a waiver of privacy and confidentiality with regard to the Canadian assets and executing a general release authorizing the Canadian bank to release all documents to the Bar. However, he was not truthful about his ownership of the Canadian property when first interviewed by the Bar's investigator (Arthur Gill) regarding the pending petition for reinstatement. Orta did not accurately describe his foreign holdings until the May deposition, i.e., after he was caught lying.

Count III
Orta conceded that he improperly failed to disclose to the IRS the aforementioned Canadian assets and a Canadian safety deposit box. He also conceded that he falsely stated on his 1991 tax return that he had no foreign bank account. He was obligated by law to report the assets.

Count IV
Orta offered to the reinstatement referee and to a bank official arguably different explanations as to the origin of the currency in his Canadian bank accounts. It therefore appeared he was not truthful in at least one of his statements.

Count V
Orta admitted that he failed to disclose to the United States Probation Office the existence of the Canadian assets even though he was required to complete financial statements and monthly supplements that solicited information about bank accounts and property.
The referee recommended that Orta be found guilty of violating the following Rules Regulating the Florida Bar: 3-4.3 for misconduct and minor misconduct; 4-8.4(c) for *272 engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation; and 4-8.4(d) for engaging in conduct prejudicial to the administration of justice. She further found that Orta's conduct fell within the conduct described in the following Standards for Imposing Lawyer Sanctions: Standard 5.11(f) (engaging in intentional conduct involving dishonesty, fraud, deceit or misrepresentation that seriously reflects on the lawyer's fitness to practice); Standard 6.11(a) (with the intent to deceive the court, knowingly makes a false statement, or submits a false document); and Standard 6.11(b) (improperly withholds material information, and causes serious or potentially serious injury to a party, or causes a significant or potentially significant adverse effect on the legal proceeding).
The referee found the following aggravators under Standard 9.22: (a) prior disciplinary offenses; (b) dishonest or selfish motive; (c) a pattern of misconduct; (d) multiple offenses; (f) submission of false evidence, false statement or other deceptive practices during the disciplinary process; and (g) substantial experience in the practice of law. In mitigation under Standard 9.3 she found: (a) interim rehabilitation; (b) remorse; (c) cooperative attitude toward proceedings; and (d) remoteness of prior offenses (initial suspension in 1988).
The referee noted that Orta had already been severely punished and sanctioned as a result of his prior felony charges, and that he effectively had been suspended for eight years. However, under the circumstances of the case, she found that discipline insufficient. The referee concluded that Orta had not learned the value of honesty, as evidenced by the fact that he had omitted significant data from government inquiries and inquiries by the Bar while knowing that he was under close scrutiny during his suspension. She concluded that he did not come clean until the Bar discovered his omissions. Acknowledging Orta's improvement since May 1993, the referee nevertheless recommended that Orta be disbarred effective, nunc pro tunc, July 5, 1994, the date his reinstatement petition was denied, and that his pending petition for reinstatement be dismissed or stayed until July 5, 1999.[2] She also assessed costs against Orta in the amount of $1,116.16.
Orta concedes the referee's findings in Counts III and V. He contests the finding in Count II that he was not truthful about his ownership of the Canadian property when first interviewed by the Bar's investigator Arthur Gill for Orta's reinstatement petition. (Orta does not contest the referee's other findings in Count II.) At the reinstatement hearing, Gill gave the following testimony:
A. I specifically asked him if he had owned any property in Canada, and he told me he had not. He had mentioned that he had a lease with an option to buy a piece of property in Canada, a ski chalet north of Montreal, which he disposed of prior to his conviction.
Q. When he advised you that he had a lease, did he state whether or not he had purchased the property?
A. He said, no. I asked him specifically whether he owned the property. He said he had an agreement for deedI think that is the term he usedand I asked him if that was the equivalent of a lease with an option to buy, and he said it was.
Q. Did you specifically ask him whether or not he had ever purchased the property?
A. I asked him whether he owned the property. He told me no.
Orta testified that he did own a home in Canada from 1985 to 1991.
A referee's findings of fact regarding guilt carry a presumption of correctness that should be upheld unless clearly erroneous or without support in the record. Florida Bar v. Vannier, 498 So.2d 896, 898 (Fla. 1986). If the referee's findings are supported by competent, substantial evidence, this Court is precluded from reweighing the evidence and substituting its judgment for that of the referee. Florida Bar v. MacMillan, 600 So.2d 457, 459 (Fla.1992). We find that the portion of the record cited above constitutes competent substantial evidence to *273 support the referee's finding that Orta was not truthful when Gill interviewed him. We therefore uphold the referee's findings under Count II.
Orta also contends that the record does not support the finding in Count IV that Orta was untruthful in that he gave "arguably" different explanations regarding the origin of a large amount of currency deposited in his Canadian bank account. While the referee's report in this case does not explain the basis for this finding, the conclusions are identical to those of the referee in the earlier reinstatement proceeding. The referee from the reinstatement proceeding based her conclusions on the fact that Orta had testified that the purpose of the bank transaction concerned the sale of art but had stated in a bank currency form that the transaction was for the sale of sugar.
To summarize the underlying transaction, Orta's employer was owed over $300,000 for the sale of art to an Italian buyer. After some time, the buyer agreed to pay in Canada. Payment was made in cash. Because Orta's employer did not have an account in Canada, Orta agreed to have the funds deposited in his Canadian account for disbursement. The bank's policy required information as to the source of deposited funds in excess of $10,000. While it is true that Orta stated that the source of the deposited funds was the sale of sugar, he explained in his testimony that the money the buyer used to pay for the art did come from the sale of sugar to Honduras. Therefore, Orta's explanations on this matter are reconcilable. Finding no inconsistency, we conclude that Orta is not guilty of the allegations in Count IV.
We turn now to the referee's recommendation of disbarment. Our scope of review over disciplinary recommendations is broad. Nevertheless, a referee's recommendation on discipline is afforded a presumption of correctness unless the recommendation is clearly erroneous or not supported by the evidence. Florida Bar v. Niles, 644 So.2d 504, 507 (Fla.1994). After reviewing the record in this case, we agree with the referee's recommendation to disbar Orta.
Florida Standard for Imposing Lawyer Sanctions 5.11(f) states that in the absence of aggravating and mitigating circumstances, disbarment is appropriate when a lawyer knowingly engages in intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer's fitness to practice. Similarly, Standard 6.11(a) recommends disbarment when a lawyer knowingly makes a false statement or submits a false document with intent to deceive a court, while Standard 6.11(b) recommends disbarment when a lawyer improperly withholds material information and causes a significant or potentially significant adverse effect on a legal proceeding.
In Florida Bar v. Rood, 569 So.2d 750 (Fla.1990), and Florida Bar v. O'Malley, 534 So.2d 1159 (Fla.1988), the attorneys were suspended for one and three years, respectively, for ethical violations such as concealing evidence, submitting false interrogatories, and lying in a sworn deposition. However, this Court deals more harshly with cumulative misconduct than it does with isolated acts. Florida Bar v. de la Puente, 658 So.2d 65, 70 (Fla.1995); Florida Bar v. Bern, 425 So.2d 526, 528 (Fla.1982). In this case, Orta was found guilty in three separate counts of multiple offenses involving dishonesty. These offenses alone establish a pattern of "flagrant and deliberate disregard for the very laws that [Orta] took an oath to uphold." Florida Bar v. Lord, 433 So.2d 983, 986 (Fla.1983). Moreover, Orta committed these offenses while still under suspension for similar misconduct. These circumstances constitute considerable aggravation.
Despite the evidence of recent rehabilitation and other mitigation, we are unable to overcome the fact that Orta's current multiple violations all took place while he was under suspension for past similar misconduct involving dishonestya time when he should have been conducting himself in the most upstanding manner. Although Orta eventually acted to rectify some of his omissions, we are not convinced that he would have done so had the Bar not discovered them in the first place. In light of the aggravating circumstances *274 in this case, disbarment is warranted. The fact that we have held that count IV was not proven does not alter our conclusion.
Based on the foregoing, we approve the referee's recommendation. Miguel A. Orta is hereby disbarred effective, nunc pro tunc, July 5, 1994. His petition for reinstatement which has been consolidated with this proceeding is hereby denied. Judgment for costs in the amount of $1,116.16 is hereby assessed against Orta, for which sum let execution issue.
It is so ordered.
OVERTON, SHAW, GRIMES, HARDING, WELLS and ANSTEAD, JJ., concur.
NOTES
[1] The referee found Orta not guilty of Counts I and VI and the Bar does not cross-appeal those findings.
[2] Orta filed a second petition for reinstatement after his first one was denied.