708 So.2d 953 (1998)
THE FLORIDA BAR, Complainant,
v.
Royce Derrell PIPKINS, Respondent.
No. 89006.
Supreme Court of Florida.
March 26, 1998.
*954 John F. Harkness, Jr., Executive Director, and John T. Berry, Staff Counsel, Tallahassee; and Eric M. Turner, Bar Counsel, Orlando, for Complainant.
Royce D. Pipkins, pro se, Altamonte Springs, for Respondent.
PER CURIAM.
We have for review the referee's report regarding alleged ethical breaches by Royce Derrell Pipkins. We have jurisdiction. Art. V, § 15, Fla. Const.
On January 12, 1995, this Court suspended Pipkins from the practice of law for sixty days and placed him on probation for eighteen months. See Florida Bar v. Pipkins, 647 So.2d 846, 847 (Fla.1995). The suspension became effective thirty days from the filing of our opinion on January 12, 1995, and the terms of probation required, among other things, that Pipkins follow all rules relating to trust accounts. See id. Subsequently, the Bar petitioned this Court to issue an order to show cause as to why Pipkins should not be held in contempt of this Court for (1) receiving and disbursing funds from his trust account during his suspension period; and (2) accepting new business after the filing of our opinion in Pipkins' case. We issued an order to show cause, and a hearing was held before a referee on March 25, 1997.
The referee found that Pipkins utilized his trust account "in direct contradiction" of this Court's January 12, 1995 order. Specifically, the referee found that Pipkins admitted to (1) utilizing his trust account to collect previously earned fees from clients, which properly should have been placed in an office account, resulting in a commingling of client and personal funds; and (2) utilizing his trust account to transact business on behalf of a corporate client for which he served as Secretary/Treasurer, as the corporation did not maintain its own bank account. Also, the referee found that Pipkins had not accepted any new business after January 12, 1995. Based on these findings, the referee recommended that Pipkins be found in contempt of this Court for violating Rules Regulating The Florida Bar 4-1.15(a) (prohibiting commingling of personal and client funds) and 3-6.1(c) (prohibiting suspended attorney from receiving, disbursing, or otherwise handling trust funds). As a disciplinary measure, the referee recommended that Pipkins be ordered to pay the costs of these proceedings. The referee found no further discipline necessary because Pipkins "was placed on probation for 18 months and it does not appear [that] any other violations occurred during his probationary period." The Bar agrees with the referee's findings of fact and recommendations as to guilt, but argues that in addition to being taxed costs, Pipkins should be suspended for ninety-one days with required proof of rehabilitation before he may resume practicing law.[1]
We approve the referee's findings of fact and recommendations as to guilt because they are supported by competent, substantial evidence. See, e.g., Florida Bar v. Glick, 693 So.2d 550, 551 (Fla.1997); Florida Bar v. Benchimol, 681 So.2d 663, 665 (Fla.1996). However, we disagree with the referee's disciplinary recommendation and reject the Bar's assertion that a ninety-one day suspension, with required proof of rehabilitation, is appropriate here. Pipkins committed the trust account violations at issue while serving a sixty-day suspension and eighteen-month probation for similar misconduct, and we therefore find that a ninety-day suspension is appropriate. See Florida Bar v. Mitchell, 645 So.2d 414, 415 (Fla.1994) (suspending attorney ninety days for trust account violations where prior disciplinary record involved similar misconduct); Florida Bar v. Nesbitt, *955 626 So.2d 190, 191-92 (Fla.1993) (imposing ninety-day suspension for various trust account violations); Florida Bar v. Miller, 548 So.2d 219, 220 (Fla.1989) (same); Florida Bar v. Greene, 485 So.2d 1279, 1279 (Fla. 1986) (suspending attorney ninety days for failing to observe conditions of one-year supervised probation). Such discipline is fair to society, fair to Pipkins, and severe enough to deter other attorneys from engaging in similar misconduct. See, e.g., Florida Bar v. Charnock, 661 So.2d 1207, 1210 (Fla.1995).
Accordingly, we find Royce Derrell Pipkins in contempt of this Court and hereby suspend him from the practice of law for a period of ninety days. The suspension will take effect thirty days from the filing of this opinion so that Pipkins can close out his practice and protect the interests of existing clients. If Pipkins notifies this Court in writing that he is no longer practicing law and does not need the thirty days to protect existing clients, this Court will enter an order making the suspension effective immediately. Pipkins shall accept no business from the date this opinion is published until the suspension is completed. Pursuant to the provisions of Rule Regulating The Florida Bar 3-5.1(g), upon receipt of this order of suspension, Pipkins shall forthwith furnish a copy of the order to all his clients with matters pending in his practice. Furthermore, within thirty days after receipt of this order, Pipkins shall furnish staff counsel of the Bar with a sworn affidavit listing the names and addresses of all client who have been furnished copies of the order. Judgment is entered against Pipkins for costs in the amount of $1,739.84, for which sum let execution issue.
It is so ordered.
KOGAN, C.J., and OVERTON, SHAW, HARDING, WELLS and PARIENTE, JJ., concur.
ANSTEAD, J., concurs in part and dissents in part with an opinion.
ANSTEAD, Justice, concurring in part and dissenting in part.
I would follow the referee's recommendations in full.
NOTES
[1] Pipkins urges this Court to approve the referee's report.