766 A.2d 119

ATTORNEY GRIEVANCE COMMISSION OF MARYLAND,

v.

Gregory Ryder BLACK.

Misc. AG No. 14, Sept. Term 2000.

Court of Appeals of Maryland.

Feb. 6, 2001.

Melvin Hirshman, Bar Counsel and John C. Broderick, Asst. Bar Counsel for Atty. Grievance Com'n of Maryland for Petitioner.

Gregory Ryder Black, Fruitland, for Respondent.

Argued before BELL, C.J., and ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and LAWRENCE F. RODOWSKY (Retired, specially assigned), JJ.

BELL, Chief Judge.

The respondent, Gregory Ryder Black, was charged by the petitioner, the Attorney Grievance Commission of Maryland, through Bar Counsel, acting pursuant to Maryland Rule 16–

709,[1] with misconduct as a result of his conviction of possession of cocaine. The Petition for Disciplinary Action, alleging violation of Rule 8.4(b) and (d)[2] of the Maryland Rules of Professional Conduct, Maryland Rule 16–812, which the respondent admitted, was referred, pursuant to Maryland Rule 16 711(a),[3] to the Hon. D. William Simpson of the Circuit Court for Wicomico County, for hearing and to make finding of fact and conclusions of law.

Following a hearing, the hearing judge found that, on June 16, 1999, as a result of an incident that occurred on February 4, 1999,[4] the respondent was convicted in the District Court of Maryland sitting in Baltimore County of possession of cocaine, as a result of which he received a one year suspended sentence conditioned on two years unsupervised probation. It concluded that, although the conduct did not reflect on his honesty or the quality of the legal services he rendered to clients, the respondent violated Rule 8.4(b) and (d), relying on Maryland Rule 16–710(e)[5] and *Attorney Grievance Commission v. Gilbert,* 356 Md. 249, 739 A.2d 1 (1999).

1. Rule 16–709, as relevant, provides:
   "a. Who may file.-Charges against an attorney shall be filed by the Bar Counsel acting at the direction of the Review Board."

2. Rule 8.4, as relevant, provides:
   "It is professional misconduct for a lawyer to:
   * * * *
   '(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
   * * * *
   '(d) engage in conduct that is prejudicial to the administration of justice.' "

3. Rule 16–711(a) reads:
   "Disposition of Charges.
   a. Findings. A written statement of the findings of fact and conclusions of law shall be filed in the record of the proceedings and copies sent to all parties."

4. The respondent was observed by the police, clad only in sweat pants and socks, chasing an acquaintance who had just left his apartment. When the respondent admitted the police to his apartment to confirm that there had been no violence, they saw in plain view both cocaine and drug paraphernalia.

5. Maryland Rule 16–710(e) provides:

The respondent presents evidence by way of mitigation. As reported by the hearing judge, his use of cocaine on a regular basis dates back to the Spring of 1998, when he and his wife began to have marital problems, reaching the point at which his habit required the expenditure of $500 per week, which he borrowed from family and friends. By July 1999, the respondent had lost his job as senior associate with a Montgomery County law firm.

On March 15, 1999, one day before being placed on probation for another criminal episode,[6] while living with his mother in Wicomico County, the respondent voluntarily entered a six month intensive outpatient program at Peninsula Addiction Services. Consistent with a condition of the second probation, the respondent successfully completed that addiction program, attending, at the start, as required, four times a week, in addition to two AA meetings a week, scheduled one time a week at the end. Although after completing the addiction program, the respondent entered an aftercare treatment program, attending, as required, every Tuesday and three or four AA meetings a week, upon questioning by the hearing judge, he admitted taking illicit drugs as recently as May 2000.

The hearing judge concluded that the respondent,

"proved by a preponderance of credible evidence that he took substantial steps to obtain treatment and remain in

---

"e. Conviction of Crime—Adjudication of Misconduct.
'1. Proof of Guilt. In a hearing of charges pursuant to this Rule, a final judgment by a judicial tribunal in another proceeding convicting an attorney of a crime shall be conclusive proof of the guilt of the attorney of that crime. A plea or verdict of guilty, or a plea of nolo contendere followed by a fine or sentence, is a conviction within the meaning of this Rule. A final adjudication in a disciplinary proceeding by a judicial tribunal or a disciplinary agency appointed by or acting at the direction of a judicial tribunal that an attorney has been guilty of misconduct is conclusive proof of the misconduct in the hearing of charges pursuant to this Rule.' "

**6.** The record does not reveal the offense for which the respondent was placed on this probation.

recovery after his February, 1999 arrest. Despite these efforts, respondent had a 'relapse' in May of 2000."

Moreover, it noted that the evidence did not show that, after the relapse, the respondent communicated with or received counseling from Richard E. Vincent, the Maryland State Bar Association's Director of Lawyer Counseling or that he is presently in a formal treatment program with "structure and requirements that would ensure his commitment and maximize the likelihood of success."

Neither the petitioner nor the respondent has taken exception to the hearing judge's findings of fact and conclusions of law. Thus, the only issue for the Court to address is the appropriate sanction. Based on the respondent's May 2000 relapse, his failure to seek assistance from the Bar Association's Lawyer Counseling program or enroll in a program to ensure his continued sobriety and rehabilitation and his subsequent relapse after the Circuit Court hearing, the petitioner recommends that the respondent be indefinitely suspended from the practice of law. It also recommends that his reinstatement be conditioned upon compliance with five conditions: successful completion of an inpatient addiction treatment program; submission to care and treatment of physicians as required for addiction and/or psychiatric disorder; cooperate with the Bar Association's Director of Lawyer Counseling and participate in activities as he might direct; consent to have his practice monitored for three years by a monitor acceptable to Bar Counsel; and pay costs as assessed by the Court. The respondent agrees with the petitioner's recommendation, acknowledging that he needs assistance and must be rehabilitated.

In *Gilbert*, acknowledging the obvious, we said:

"an attorney's use, and conviction of possession of, cocaine and, indeed, of any controlled dangerous substance, because ... it undermines the administration of justice, is extremely serious and cannot be condoned. Some sanction, for the protection of the public, is required; the question simply is what sanction."

356 Md. at 255, 739 A.2d at 4. There, the hearing judge determined that the respondent violated Rule 8.4(d).[7] We agreed, opining:

"To be sure, it cannot be gainsaid that the possession of cocaine by a lawyer, an officer of the court, especially when it results in a conviction and probation is prejudicial to the administration of justice."

356 Md. at 251, 739 A.2d at 2. We also reviewed cases from other jurisdictions, which had addressed the issue, for the factors they considered in determining the appropriate sanction to be imposed for conduct or a conviction involving possession of cocaine:

"The cases addressing the issue reflect that, for the protection of the public, *e.g., In the Matter of the Discipline of Johnson,* 488 N.W.2d 682 (S.D.1992), the purpose of attorney discipline, see *Attorney Grievance Com'n of Maryland v. Brown,* 353 Md. 271, 295, 725 A.2d 1069, 1080 (1999); *Attorney Griev. Comm. v. Awuah,* 346 Md. 420, 435, 697 A.2d 446, 454 (1997); *Attorney Griev. Com'n v. Hamby,* 322 Md. 606, 611, 589 A.2d 53, 56 (1991), sanctions ranging from a reprimand to several years' suspension have been imposed where possession of cocaine is involved. *People v. Gould,* 912 P.2d 556, 558 (Colo.1996) (censure); *In the Matter of Gooding,* 260 Kan. 199, 917 P.2d 414, 419 (1996) (two years probation); *In the Matter of Epps,* 148 N.J. 83, 689 A.2d 726, 727 (1997) (three months suspension); *The Florida Bar v. Temmer,* 632 So.2d 1359, 1361 (Fla.1994) (90 days suspension, followed by two years probation); *In the Matter of the Discipline of Jeffries,* 500 N.W.2d 220, 221 (S.D.1993) (three year suspension). Generally applying the American Bar Association's Standards for Imposing Lawyer Sanctions, see 1986 edition & Supp.1992, e.g., *Madrid,* 967 P.2d at 628; *Boyer,* 934 P.2d 1361, 1363–64; *Gooding,* 917

---

**7.** "It is professional misconduct for a lawyer to:
* * * *
'(d) engage in conduct that is prejudicial to the administration of justice.' "

P.2d at 418, the courts have been, and are, sensitive to an attorney's effort at treatment and rehabilitation. See *e.g., Jeffries,* 500 N.W.2d at 225–26; *Temmer,* 632 So.2d at 1360; *People v. Ebbert,* 873 P.2d 731, 733 (Colo.1994); *Baker,* 647 N.E.2d at 152–53; *Gooding,* 917 P.2d at 419. Another important consideration is the attorney's prior disciplinary history. It is also an important consideration whether the use of the drug is directly connected to the attorney's practice of law. *People v. Madrid,* 967 P.2d at 628 (three year suspension when the attorney took cocaine as fee for services)."

*Id.* at 254–55, 739 A.2d at 4. Finding those factors to be consistent with those that we apply in attorney discipline cases, *see id.* at 256, 739 A.2d at 5, we imposed, as a sanction in that case, a thirty day suspension from practice.

The hearing judge in this case determined that, in addition to Maryland Rule 8.4(d), the respondent violated 8.4(b),[8] to which, as we have seen, no exceptions have been taken. We noted in *Gilbert* that the latter rationale, *i.e.,* finding that the attorney has committed a criminal act that adversely reflects on his or her fitness to practice law, is the one adopted by most of the courts in which the issue has arisen. *Id.* at 252–53, 739 A.2d at 3, *citing People v. Madrid,* 967 P.2d 627, 628 (Colo.1998); *People v. Boyer,* 934 P.2d 1361, 1362 (Colo.1997); *The Florida Bar v. Temmer,* 632 So.2d 1359, 1360 (1994); *In the Matter of Gooding,* 260 Kan. 199, 917 P.2d 414, 416 (1996); *In the Matter of Epps,* 148 N.J. 83, 689 A.2d 726 (1997); *Columbus Bar Association v. Baker,* 72 Ohio St.3d 21, 647 N.E.2d 152, 153 (1995); *In the Matter of Disciplinary Proceedings Against Broadnax,* 225 Wis.2d 440, 591 N.W.2d 855, 856 (1999).

As in *Gilbert,* this is the respondent's first disciplinary proceeding. Also similar to *Gilbert,* so far as the record

---

**8.** "It is professional misconduct for a lawyer to:

\* \* \* \*

'(b) commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects.' "

reveals, this misconduct was not directly related to the practice of law and the petitioner has not alleged otherwise. Moreover, again, like *Gilbert,* the respondent has made efforts to rehabilitate himself and to overcome his addiction. On the other hand, the respondent's addiction, although rather recently acquired, is severe and the respondent has had two significant set-backs, one in May 2000 and the other following the Circuit Court hearing. And the hearing judge commented on the respondent's failure to seek assistance from the Director of the Bar Association's Lawyer Counseling program or enroll in a program providing support and structure for his continuing rehabilitation. Under the totality of these circumstances, we believe, as the petitioner recommends, an indefinite suspension, rather than the more modest sanction imposed in *Gilbert,* is the appropriate sanction. We decline, however, the petitioner's invitation to delineate specific conditions of reinstatement, except the payment of costs, a condition in any event, whether stated or not, preferring to reserve to ourselves the broadest discretion to review, at the time of application, the respondent's fitness for reinstatement. By not specifying a monitor, or any of the other recommended conditions, as prerequisite for reinstatement, however, we do not mean to suggest that they are not appropriate or should not be done. We simply will not now express an opinion on the matter of what is, or will be, required for reinstatement.

The respondent's suspension will take effect thirty days from the filing of this opinion.

IT IS SO ORDERED; RESPONDENT SHALL PAY ALL COSTS AS TAXED BY THE CLERK OF THIS COURT, INCLUDING COSTS OF ALL TRANSCRIPTS, PURSUANT TO MARYLAND RULE 16–715, FOR WHICH SUM JUDGMENT IS ENTERED IN FAVOR OF THE ATTORNEY GRIEVANCE COMMISSION AGAINST GREGORY RYDER BLACK.